## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 13-20039-TLM |
| PHILIP LEWIS HART, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION

**INTRODUCTION**

Before the Court is a motion of chapter 7[1] debtor, Philip Lewis Hart ("Debtor"), to impose the automatic stay as to all creditors. Doc. No. 24 ("Motion"). In support of his Motion, Debtor filed several declarations, Doc. Nos. 25, 26, as well as a number of financial documents, Doc. No. 34. The chapter 7 trustee, J. Ford Elsaesser ("Trustee"), filed an objection to the Motion. Doc. No. 36. The United States, on behalf of the Internal Revenue Service ("IRS"), also opposed the Motion, and filed two declarations and exhibits in support of its opposition. Doc. Nos. 37-39. The Court held a hearing on February 11, 2013, and thereafter took the Motion under advisement.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

The Court has now considered the parties' submissions, their counsels' arguments, and the applicable law. This Memorandum disposes of the motion. Fed. R. Bankr. P. 7052; 9014.

**DISCUSSION AND DISPOSITION**

The automatic stay does not go into effect for repeat filers who have had two or more bankruptcy cases pending within the year preceding the filing of the most recent case. *See* § 362(c)(4)(A)(i). Here, Debtor filed two prior bankruptcy cases in 2012.[2] On May 29, 2012, Debtor filed a chapter 13 petition, Case No. 12-20648-TLM ("*Hart I*"), which was dismissed on August 27, 2012, on Debtor's voluntary motion. A second chapter 13 petition was filed on October 24, 2012, Case No. 12-21220-TLM ("*Hart II*"), which was dismissed on January 2, 2013, on the basis of ineligibility under § 109(e). In each instance, the automatic stay of § 362(a) arose and halted federal district court litigation.[3] The instant chapter 7 (*"Hart III"*) was filed on January 16, 2013.

Given § 362(c)(4)(A)(i) and the existence of *Hart I* and *Hart II,* the stay was not automatically imposed. However, § 362(c)(4)(B) provides that, if a party

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of its own dockets.

[3] Debtor has been engaged for a number of years in disputes with the IRS regarding federal income taxes. The same have now progressed to the U. S. District Court for the District of Idaho, where the IRS is attempting to reduce to judgment a number of outstanding federal tax liabilities against Debtor, and to foreclose on real property located in Kootenai County, Idaho. *See United States v. Hart,* Case No. 11-CV-00513-EJL (D. Idaho).

MEMORANDUM OF DECISION - 2

in interest so requests within 30 days of the filing, the Court may order that the stay take effect as to any or all creditors, as long as certain requirements are met. Under that provision, there must be (1) a motion by a party in interest filed within 30 days of the bankruptcy filing, (2) notice and a hearing, and (3) a demonstration by the moving party that the new case was filed in good faith as to the creditors to be stayed. § 362(c)(4)(B). Here, Debtor timely filed the Motion and noticed the same for hearing. Doc. No. 24. Thus, the only requirement at issue is that of good faith.

To determine whether the moving party has established good faith under § 362(c)(4)(B), courts look at the totality of the circumstances. *In re Hart*, 12.4 IBCR 133, 135 (Bankr. D. Idaho 2012) (citing *In re Elliot-Cook*, 357 B.R. 811, 814 (Bankr. N.D. Cal. 2006)).[4] The relevant factors courts consider in evaluating good faith include, but are not limited to:

1. the timing of the petition in comparison to the prior cases;

2. how the debt(s) arose;

3. the debtor's motive in filing the current petition;

4. how the debtor's actions affected creditors;

5. why the debtor's prior cases were dismissed;

---

[4] Cases addressing § 362(c)(4)(B) are far more sparse than those under § 362(c)(3)(B). Given the similarity between the sections regarding the heightened burden of proof, as well as their similarity in purpose, the Court considers the § 362(c)(3)(B) decisions to be instructive.

MEMORANDUM OF DECISION - 3

6. whether the trustee or creditors object to the motion to impose the stay. *In re Elliott-Cook*, 357 B.R. at 814-15.

Here, the filing is presumed to be not in good faith as to all creditors because "2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period[.]" § 362(c)(4)(D)(i)(I).[5] Therefore, Debtor, as the moving party, must rebut the presumption with "clear and convincing" evidence. *See* § 362(c)(4)(D); *see also In re Toor*, 477 B.R. 299, 307 (D. Conn. 2012) (applying clear and convincing standard under § 362(c)(4)(B)); *In re Castaneda*, 342 B.R. 90, 94–95 (Bankr. S.D. Cal. 2006) (citing § 362(c)(3)(C)). Debtor has not done so.

Debtor's Motion seeking imposition of the stay is a contested matter under Rule 9014. As such, it "ordinarily requires trial testimony in open court with respect to disputed material factual issues in the same manner as an adversary proceeding." *In re Caviata Attached Homes, LLC.*, 481 B.R. 34, 44 (9th Cir. BAP 2012); *see also* Rules 9014(d) and 9017; Civil Rule 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."). Debtor presented no evidence at the hearing to meet his heightened

---

[5] As noted, *Hart I* was dismissed on Aug. 27, 2012 and *Hart II* was dismissed on Jan. 2, 2013, so both were pending within a year of the *Hart III* filing and the provisions of § 362(c)(4) apply in this case.

MEMORANDUM OF DECISION - 4

burden of proving his chapter 7 petition was filed in good faith.  Though he filed his own declaration, as well as those of Wayne A. Paul and Cynthia Reyburn, he did not testify nor call the other declarants as witnesses.

The Court may consider declarations or affidavits by agreement of the parties and in other limited circumstances.[6]  But there was no express agreement to do so here.  The objections of the IRS and the Trustee put the issues in dispute, rendering reliance on declarations alone insufficient under the Rules.  Thus, without testimony, the Court effectively has no competent evidence before it on this disputed, contested matter to meet Debtor's burden under § 362(c)(4).  Debtor has failed, in a very fundamental sense, to demonstrate the good faith of his filing, by providing no – much less clear and convincing – evidence.[7]

Even if the Court were to consider the declarations submitted by Debtor as evidence despite the dispute created by the objections of the Trustee and the IRS, they offer little to explain why the bankruptcy filing was in good faith.  This bankruptcy, when viewed in light of Debtor's previous two filings, appears

---

[6] *Caviata*, 481 B.R. at 44 (noting that nothing prohibits a court from resolving a disputed matter on affidavits if the parties so agree); *see also Doan v. Tong (In re Doan)*, 2007 WL 7535061 (9th Cir. BAP Aug. 10, 2007) (determining testimony though affidavit was insufficient to make out a prima facie case).

[7] The failure to present evidence when the Bankruptcy Code or Rules requires it results in a failure to meet the burden imposed and justifies denial of the position advocated.  *See In re McKay*, 2013 WL 66263 (Bankr. D. Idaho Jan. 4, 2013) (discussing a debtor's failure to present evidence required to meet burdens under § 1112(b) to prevent dismissal once cause has been established).

MEMORANDUM OF DECISION - 5

intended to halt the progress of the federal litigation. The seriatim petitions were filed without regard to eligibility but with an eye toward delay and potential forum shopping.[8] Nothing in the declarations, even if considered, rises to the level of showing this third case was commenced in good faith. Based on the totality of the circumstances the Court concludes the automatic stay should not be imposed.

**CONCLUSION**

The Motion for imposition of the stay in this case will therefore be denied. Counsel for the IRS shall provide a form of order.

DATED: February 26, 2013



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[8] Debtor indicates a desire to use § 505 of the Code to address tax liabilities rather than avail himself of the district court forum that presently exists.

MEMORANDUM OF DECISION - 6